Filed 2/2/22  P. v. Keller CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B314657 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA063190) |
| v. | |
| KELLY VAUGHN KELLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge.  Affirmed.

Kelly Vaugh Keller, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Kelly Vaughn Keller appeals from a postjudgment order denying his motion to waive or dismiss the $10,000 restitution fine imposed when he was sentenced to an indeterminate life term in state prison in 2012 following his conviction for murder, attempted murder and other serious felonies. No arguable issues were identified by Keller's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Keller in a supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Keller was convicted following a jury trial of the second degree murder of a pedestrian he struck with his car during a high-speed chase (Pen. Code, § 187, subd. (a));[1] the attempted willful, deliberate and premeditated murder of two California Highway Patrol officers and a passenger in the car of one of the officers (§§ 187, subd. (a), 664), with a true finding the offenses had been committed with the personal use and discharge of a firearm (§ 12022.53, subds. (b), (c)); and several other related felonies arising from the incident. The trial court sentenced Keller as a second strike offender to an aggregate indeterminate state prison term of 123 years to life. As part of Keller's sentence the court imposed various fines and fees including the maximum restitution fine of $10,000 pursuant to section 1202.4, subdivision (b).

We affirmed Keller's convictions on appeal, rejecting his arguments the evidence failed to establish he had the specific

---

[1] Statutory references are to this code unless otherwise stated.

intent to kill the passenger in one of the pursuing police cars when he fired at the car; he had established as a matter of law he was insane at the time the crimes were committed (an argument rejected by the jury); and his right to a fair trial was violated when the trial court denied his motion for mistrial and encouraged a holdout juror to continue deliberations. However, we modified the judgment to correct two errors that had created an unauthorized sentence. (*People v. Keller* (June 6, 2014, B241871) [nonpub. opn.].)

On June 21, 2021 Keller filed an application to waive or dismiss the restitution fine imposed at sentencing, arguing the court had abused its discretion by ordering the maximum $10,000 fine without first ordering Keller to disclose his assets. In support of this argument Keller cited section 1202.4, subdivision (f)(5), which governs the procedure for an order of victim restitution, not a restitution fine.[2] Keller additionally argued imposition of the maximum restitution fine without considering his ability to pay violated his right to due process and the constitutional prohibition of excessive fines, citing this court's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

---

[2] As exhibits to his petition Keller attached copies of Judicial Council forms CR-115 (Defendant's Statement of Assets), which permits the court to review a defendant's income, assets and liabilities when ordering restitution to a crime victim, and CR-119 (Order for Income Deduction), a court order for income deductions directed to a defendant's employer to be used in the event the defendant does not pay victim restitution as ordered.

3

The superior court summarily denied Keller's motion on June 25 2021, explaining, "There is no record that the defendant objected to the fine at the time it was imposed."

Keller filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Keller on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Keller on November 9, 2021 that he could personally submit any contentions or issues he wanted the court to consider.

On January 12, 2022 we received an eight-page typewritten supplemental brief from Keller. In support of his argument it was error for the sentencing court to impose a $10,000 restitution fine without first requiring Keller to disclose his assets and income, Keller again cited section 1202.4, subdivision (f), which concerns restitution to a crime victim, not a restitution fine pursuant to section 1202.4, subdivision (b). He also cited section 1202.42, which authorizes the trial court to issue an income deduction order. Finally, citing this court's opinion in *Dueñas*, *supra*, 30 Cal.App.5th 1157, Keller asserted, even though he did not raise the issue of his ability to pay at sentencing, he had not forfeited his claim that it violated his right to due process to impose the restitution fine without determining his ability to pay.

In *Dueñas* this court concluded, "[T]he assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are . . . fundamentally unfair; imposing

4

these assessments upon indigent defendants without a determination that they have the present ability to pay violates due process under both the United States Constitution and the California Constitution." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168; accord, *People v. Belloso* (2019) 42 Cal.App.5th 647, 654-655, review granted Mar. 11, 2020, S259755.) A restitution fine under section 1202.4, subdivision (b), however, "is intended to be, and is recognized as, additional punishment for a crime." (*Dueñas*, at p. 1169; accord, *Belloso*, at p. 655.) Although section 1202.4, subdivision (c), expressly provides a defendant's inability to pay a restitution fine may not be considered a "compelling and extraordinary reason" not to impose the statutory minimum fine, the court may consider the defendant's ability to pay if the court imposes a restitution fine above the minimum amount. (§ 1202.4, subd. (d) ["[i]n setting the amount of the [restitution] fine . . . in excess of the minimum fine," the court "shall consider any relevant factors, including, but not limited to, the defendant's inability to pay"]; see *Dueñas*, at p. 1170, fn. 6 ["a trial court may . . . consider a defendant's ability to pay if the court is considering imposing a restitution fine in excess of the statutory minimum amount"]; see also *People v. Miracle* (2018) 6 Cal.5th 318, 356.)

In *People v. Castellano* (2019) 33 Cal.App.5th 485, decided two months after *Dueñas*, we clarified that, in the absence of evidence of the defendant's inability to pay, the People are not required to establish the defendant has the means to pay before the court imposes the fines, fees and assessments required by statute. "[A] defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of

5

his or her inability to pay the amounts contemplated by the trial court." (*Id.* p. 490; accord, *People v. Montes* (2021) 59 Cal.App.5th 1107, 1121 ["he will bear the burden of both demonstrating a harm of constitutional magnitude and making a record regarding his alleged inability to pay the restitution fine and court assessments"]; *People v. Santos* (2019) 38 Cal.App.5th 923, 934 ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay"]; see *Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168-1169.) If the trial court determines, after considering the relevant factors, a defendant is unable to pay, then the fees and assessments cannot be imposed; and execution of any restitution fine imposed must be stayed until such time as the People can show that the defendant's ability to pay has been restored. (*Castellano*, at p. 490; *Dueñas*, at pp. 1168-1169, 1172.)[3]

At the time Keller was sentenced in 2012, section 1202.4, subdivision (c), provided, as it does today, "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)." (See also § 1202.4, subd. (d)

---

[3]     In *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, the Supreme Court has directed the parties to brief the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

["[a] defendant shall bear the burden of demonstrating the defendant's inability to pay"].)

Here, because the $10,000 restitution fine exceeded the statutory minimum, Keller had the opportunity to object based on his inability to pay. By failing to object, Keller forfeited the argument the court violated his rights by imposing the fine without considering his ability to pay. (See *People v. Miracle*, *supra*, 6 Cal.5th at p. 356 ["[b]ecause [the] defendant did not object to the [restitution] fine at his sentencing hearing, he has forfeited his challenge"]; *People v. Avila* (2009) 46 Cal.4th 680, 729 ["in not adducing evidence of his inability to pay" a $10,000 restitution fine, the defendant "forfeited the argument"]; *People v. Smith* (2020) 46 Cal.App.5th 375, 395 ["a defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant "forfeited any ability-to-pay argument regarding the restitution fine by failing to object"].)

Because no cognizable legal issues have been raised by Keller's appellate counsel or by Keller or identified in our independent review of the record, the order denying the postjudgment motions is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.